IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CADLES OF GRASSY MEADOWS II, L.L.C. by assignment from Olney Savings Association, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:06-CV-1542-M |
| DAVID GOLDNER and ROBERT GOLDNER, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Second Motion for Judgment on the Pleadings [Docket Entry #60]. Upon review of the pleadings, briefs, and applicable law, for the reasons stated below, Defendants' Motion is DENIED.

### Background

This suit to recover for unpaid promissory notes was removed to this Court on August 24, 2006. The Court granted Defendants' First Motion for Judgment on the Pleadings on June 12, 2007, finding the Texas tolling statute unconstitutional and concluding that Plaintiff's claims were barred by the applicable statute of limitations. On November 14, 2008, the Fifth Circuit withdrew its opinion affirming this Court's decision, and remanded the case for determination in light of the Texas Supreme Court's interpretation of the tolling statute in *Kerlin v. Sauceda*.[1]

---

[1] 263 S.W.2d 920 (2008).

This Court requested briefing from the parties on the impact of *Kerlin*, and Defendants filed a Second Motion for Judgment on the Pleadings. Defendants contend that under *Kerlin*, they were "present" in Texas during the relevant time period, and that the tolling statute consequently did not apply, so the Plaintiff's claims are barred by the statute of limitations. Plaintiff claims that the question of "presence" within the State is not established conclusively by the pleadings.

## Standard

A motion for judgment on the pleadings provides a vehicle for summary adjudication of a claim on the merits based on the pleadings.[2] The court may look only to the pleadings, and must accept all facts pleaded therein as true.[3] Judgment on the pleadings is appropriate *only if* material facts are not in dispute and questions of law are all that remain.[4]

## Analysis

I.   *Kerlin v. Sauceda*

In *Kerlin v. Sauceda*, the Texas Supreme Court held that the statute of limitations barred the plaintiffs' claims of fraud, breach of contract, and breach of fiduciary duty, because neither fraudulent concealment nor the tolling statute saved the claims from expiring. The plaintiffs attempted to rely on section 16.063 of the Texas Civil Practice and Remedies Code, which tolls the statute of limitations for the time a defendant remains outside the State of Texas, if the

---

[2] FED. R. CIV. P. 12(c); *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

[3] *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

[4] *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

defendant incurred the subject obligation before his departure from the State.  In *Kerlin*, the Texas Supreme Court declined to address the constitutionality of the tolling statute under the Commerce Clause, but instead held that:

> [I]f a nonresident is amenable to service of process under the long[-]arm statute and has contacts with the state sufficient to afford personal jurisdiction, as was the case with Kerlin, then we can discern no reason why a nonresident's "presence" in this state would not be established for purposes of the tolling statute.[5]

Thus, following *Kerlin* a nonresident is deemed "present" in the State if (1) he is amenable to service of process under the long-arm statute, and (2) he has sufficient contacts with the State to afford personal jurisdiction.  If both preconditions are met, then the nonresident is deemed "present," and the tolling statute will not apply.  In *Kerlin*, the defendant was doing business in the State of Texas, so he was subject to the long-arm statute and to personal jurisdiction in Texas, and was thus not "absent" from the State.  As a result, the tolling statute did not apply, and the plaintiffs' claims were barred by the statute of limitations.

The present case turns on the first prong of the *Kerlin* test; specifically the meaning of the phrase "amenable to service."  Defendants argue, and Plaintiff appears to concede, that "the pleadings conclusively establish that the Goldners' contacts with the State of Texas are sufficient to establish specific jurisdiction in accordance with federal and state due process requirements," thus satisfying the second prong of the *Kerlin* test.[6]

As to the first prong, Defendants assert that "Texas law is clear – the term 'amenability' refers only to the *applicability* of Texas' long-arm statute," and that "'amenability to service of

---

[5] 263 S.W.3d 920, 927 (Tex. 2008).

[6] The Court also independently finds that Defendants' roles in the loan transactions underlying the present dispute are sufficient to establish specific jurisdiction over them in Texas.

process' relates only to the issue of whether Texas courts can, under federal and state constitutional and statutory provisions, obtain jurisdiction over the person or property of a nonresident defendant with respect to the cause of action pleaded." In contrast, Plaintiff argues that the Texas Supreme Court "meant that tolling under Section 16.063 would apply if the defendant *could not be subjected to service* because, for instance, his whereabouts were not known to the creditor/plaintiff." Plaintiff argues that because the question of "amenability to service" is a question of disputed fact, Defendants' Motion should be denied.[7]

The Texas Supreme Court originally decided *Kerlin* on August 29, 2008, but issued a revised opinion on October 10, 2008, in response to an amicus curiae brief filed by the State of Texas. The original *Kerlin* opinion stated:

> But if a nonresident's contacts with the state are sufficient to afford personal jurisdiction under the general long[-]arm statute, as it is undisputed Kerlin's were, then we can discern no reason why a nonresident's "presence" in this state would not be established for purposes of the tolling statute.

The revised *Kerlin* opinion states:

> But if a nonresident is *amenable to service of process under the long[-]arm statute* and has contacts with the state sufficient to afford personal jurisdiction, as was the case with Kerlin, then we can discern no reason why a nonresident's "presence" in this state would not be established for purposes of the tolling statute.[8]

Plaintiff's argument relies on this "progression of the Texas Supreme Court's opinion," and specifically the addition of the phrase "amenable to service" to the original *Kerlin* opinion. Plaintiff argues that "the context in which the Texas Supreme Court issued its modified opinion

---

[7]Specifically, Plaintiff argues that "there are no pleadings that address the issue of amenability as it concerns whether Plaintiff or its predecessors knew or should have known Defendants' whereabouts for purposes of affecting service under the long[-]arm statute."

[8]Emphasis added.

indicates that the court did not intend to equate amenability to applicability of the long[-]arm statute."

In its amicus brief, the State urged the Texas Supreme Court to "at least hold that a defendant is present in Texas for section 16.063's purposes not merely by being subject to personal jurisdiction, but also by being amenable to service of process."[9]  The State urged the court to clarify that the tolling statute would still apply if a "defendant's whereabouts are unknown" or if "he is purposefully thwarting or evading service," in order to protect Texas citizens when defendants are not *actually amenable* to service.  As a result, Plaintiff argues that the Texas Supreme Court's revision of the *Kerlin* opinion amounts to an adoption of the reasoning set forth in the amicus brief as it relates to amenability to service of process, thus creating a fact question as to whether the Defendants' whereabouts were unknown, or whether the Defendants thwarted or evaded service.

In contrast, Defendants urge this Court to conclude that:

> "[A]menability to service of process" relates only to the issue of whether Texas courts can, under federal and state constitutional and statutory provisions, obtain jurisdiction over the person or property of a nonresident defendant with respect to the cause of action pleaded.  It does not speak to the particulars of attempted service on a specific defendant.  The pleadings in this case easily establish that the Goldners are subject to Texas' long[-]arm jurisdiction.  Accordingly, the Goldners are entitled to judgment on the pleadings.

The Court disagrees with the Defendants for two reasons.  First, while the revised *Kerlin* opinion does not analyze the details of actual service upon the defendant in that case, the court issued the revised opinion after the filing of the State's amicus brief, which dealt specifically

---

[9] *See Brief of Amicus Curiae the State of Texas in Support of Rehearing*, No. 05-0653, 2008 WL 4639934 at *2 (Sept. 15, 2008).

with the phrase "*actually amenable* to service." The entire basis of this brief was that the purpose of the tolling statute should be preserved by allowing its application to defendants who could not be located and served while absent from the State. It is reasonable for this Court to conclude that the Texas Supreme Court was persuaded by the argument of the amicus, and adjusted its opinion accordingly.

Second, Defendants' interpretation of "amenable to service" is duplicative of the second prong of the *Kerlin* test–the requirement that the defendant be subject to personal jurisdiction. For non-resident defendants, long-arm jurisdiction is one component of personal jurisdiction, the second component being the satisfaction of due process.[10] The Texas Supreme Court explained in *Kerlin* that "the general long[-]arm statute specifically addresses a nonresident defendant's presence within the state's territorial limits for purposes of personal jurisdiction." If amenability to service meant nothing more than qualifying for service under the long-arm statute, then the addition of the phrase "amenable to service" would add nothing to the *Kerlin* opinion.[11] In short, Defendants' interpretation of "amenable to service," namely whether or not a court can obtain

---

[10]*See Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990).

[11] The Court has great difficulty imagining a scenario where a defendant would meet the requirements for the exercise of long-arm jurisdiction, i.e., by doing business within the State, and fail to meet the second prong of the *Kerlin* test by lacking sufficient contacts for personal jurisdiction, especially given the definition of "doing business" for purposes of the long-arm statute provided by §17.042 of the Civil Practice and Remedies Code, which states:
> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident:
> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state;
> (2) commits a tort in whole or in part in this state; or
> (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

TEX. CIV. PRAC. & REM. §17.042 (2008).

jurisdiction over a nonresident defendant with respect to the cause of action pleaded, was already addressed in the original *Kerlin* opinion by the requirement that the nonresident's contacts with the State be sufficient to afford personal jurisdiction under the general long-arm statute. The Court will not adopt an interpretation of the second *Kerlin* opinion that renders the first component of the test duplicative of the second.

Defendants cite to a number of Texas cases in support of their view that the inquiry as to whether a defendant is "amenable" to service of process should be limited to asking whether, under federal and state constitutional and statutory authority, the court can obtain jurisdiction over the person or property of a nonresident defendant with respect to the cause of action pleaded.[12] However, these cases relate to the meaning of the term "amenable" in the context of a special appearance by a defendant challenging the exercise of personal jurisdiction. In *Kawasaki*, the Texas Supreme Court interpreted the meaning of "amenable to process" from Texas Rule of Civil Procedure 120a, and held that "in a Rule 120a special appearance, the non-resident defendant has the burden of proof to negate all bases of personal jurisdiction. (Citation omitted). We hold that defective jurisdictional allegations in the petition, defective service of process, and defects in the citation must be challenged by a motion to quash, not a special appearance."[13] As a result, the court limited the term "amenable" to the legal inquiry of whether a defendant was subject to service, not considering any *factual inquiries* as to actual service of process on a defendant.

This case does not involve a special appearance. The term "amenable" was used in

---

[12]*See, e.g., Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985).

[13]*Id.* at 203.

*Kerlin* in the context of deciding whether the tolling statute would apply during a nonresident's absence from the State, after the facts giving rise to the suit occurred. Policy considerations weigh in favor of a broader definition of "amenable" in this context–whether a defendant can actually be located for service or whether a defendant is evading service are important considerations in determining whether the statute of limitations should be tolled until the defendant can be served, so long as he is otherwise subject to personal jurisdiction in the State.

Finally, the Court acknowledges that the Texas Supreme Court in *Kerlin*, despite adding the phrase "amenable to service," did not actually address whether the plaintiffs in that case were able to locate the defendant, or whether the defendant was evading service in any way. However, the Court is still persuaded that when it added the phrase "amenable to service" the Texas Supreme Court intended more than merely to refer to long-arm jurisdiction.

II.     *Actually Amenable to Service of Process*

The Fifth Circuit stated in *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, in the context of a Rule 12(c) motion for judgment on the pleadings, that:

> The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.[14]

Defendants urge the Court to grant judgment on the pleadings in this case on the alternative ground that "the pleadings in this case conclusively establish that at all relevant times, the Goldners were available for service of process." Defendants urge the Court to rely on the Affidavits of David and Robert Goldner, and to find that the Defendants were actually amenable

---

[14] 313 F.3d 305, 313 (5th Cir. 2002) (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999) (per curiam)).

to service of process during the relevant time period because the Affidavits show that the Defendants resided at their respective addresses for the entire period of time relevant to this suit.

First, the Court's ability to rely on these documents is unclear. The Fifth Circuit admitted in *Great Plains Trust Co.* that the standard governing which documents can be properly considered by a district court in deciding a Rule 12(c) motion is unclear.[15] However, even if it were to consider these documents, the Court does not find them sufficient to justify granting judgment on the pleadings. The Affidavits merely state that the Defendants lived at a particular address for the relevant period of time, but they do not conclusively establish that the Defendants did not evade service of process during the relevant period. Additionally, the loan agreements attached to Plaintiff's First Amended Complaint supply Texas addresses for the Defendants, but the Defendants' Motion and the Affidavits state that they resided in New York. Given these facts, it cannot be said that "it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," and thus judgment on the pleadings is improper.[16]

---

[15]*Great Plains Trust Co.*, 313 F.3d at 313. In *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000), the Fifth Circuit determined, in the context of a Rule 12(b)(6) motion to dismiss, that along with the contents of the pleadings and any attachments thereto, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 498-99. In *Great Plains Trust Co.*, the Fifth Circuit observed that the standard for deciding a Rule 12(b)(6) motion and a Rule 12(c) motion are the same. *Great Plains Trust Co.*, 313 F.3d at 313 n.8. Thus, it may be proper to consider documents attached to the Complaint, and to Defendants' Motion for Judgment on the Pleadings if such documents are relied upon in Plaintiff's Complaint. However, the Affidavits at issue in this case were neither attached to the First Amended Complaint nor to the Defendants' Second Motion for Judgment on the Pleadings, but rather to the original Motion for Judgment on the Pleadings, which the Court decided on different grounds. As such, the ability of the Court to consider the Affidavits is questionable at best.

[16]*See Great Plains Trust Co.*, 313 F.3d at 312 (citing *Jones*, 188 F.3d at 324).

Conclusion

The Court finds that the phrase "amenable to service" means more than "subject to" the Texas long-arm statute, but rather invites an inquiry as to the location of Defendants during the relevant time period and the Plaintiff's ability to effect service upon them. As a result, under *Kerlin*, the Texas tolling statute will toll the applicable statute of limitations if a defendant cannot actually be located for service of process. The question of whether the Defendants in this case could have been located so that service could be effected during the period of their absence from the State is a question of fact not conclusively resolved by the pleadings. As a result, the Court finds that Defendants' Motion should be, and hereby is, DENIED.

SO ORDERED this 19th of May, 2009.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**