IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CADLES OF GRASSY MEADOWS II, L.L.C. by assignment from Olney Savings Association, § § § § Plaintiff, § v. § § DAVID GOLDNER and ROBERT GOLDNER, § § § Defendants. § § § § | CIVIL ACTION NO. 3:06-CV-1542 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Status Report [Docket Entry #77], requesting the Court to grant their Motion for Reconsideration [Docket Entry #68]. For the reasons explained below, the Motion for Reconsideration is **GRANTED**.

I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Cadles of Grassy Meadows II, L.L.C. ("Cadles") filed suit in state court against Defendants (the "Goldners") to recover unpaid promissory notes. That suit was removed to this Court on August 24, 2006. The Goldners asserted that Cadles' action was time-barred, but Cadles contended that the statute of limitations was tolled during the Goldners' absence from Texas pursuant to Section 16.063 of the Texas Civil Practice and Remedies Code. Section 16.063 provides that "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence."[1]

The Court granted the Goldners' first Motion for Judgment on the Pleadings on June 12, 2007, finding the Texas tolling statute unconstitutional and concluding that Cadles' claims were

---

[1] Tex. Civ. Prac. & Rem. Code Ann. § 16.063 (Vernon 2008).

barred by the applicable statute of limitations. The Fifth Circuit affirmed that decision. However, on November 14, 2008, the Fifth Circuit granted Cadles' petition for panel rehearing, withdrew its opinion, and remanded this action in light of the Texas Supreme Court's interpretation of the tolling statute in *Kerlin v. Sauceda*.[2]

In *Kerlin*, the Texas Supreme Court held:

> [I]f a nonresident is amenable to service of process under the longarm statute and has contacts with the state sufficient to afford personal jurisdiction, as was the case with Kerlin, then we can discern no reason why a nonresident's "presence" in this state would not be established for purposes of the tolling statute.[3]

On January 12, 2009, the Goldners filed a Second Motion for Judgment on the Pleadings, contending that they were amenable to service under Texas' long-arm statute at all relevant times and had contacts with Texas sufficient to afford personal jurisdiction. They argued that, under *Kerlin*, they were "present" in Texas during the relevant time period, and the tolling statute consequently did not apply. Cadles responded that the question of "presence" within Texas was not established conclusively by the pleadings because "amenability to service" was a question of disputed fact, rather than a mere reference to the applicability of Texas' long-arm statute. This Court agreed with Cadles and denied the Goldners' Second Motion on May 19, 2009.

On June 26, 2009, the Texas Supreme Court issued its opinion in *Ashley v. Hawkins*,[4] which explained its *Kerlin* ruling in more detail. In light of *Ashley*, on July 2, 2009, the Goldners filed a Motion to Reconsider their Second Motion for Judgment on the Pleadings [Docket Entry #68]. Cadles argued in response that, in addition to not being on point, *Ashley* was not yet final because of a pending Motion for Rehearing filed by the State of Texas, in which the State specifically referenced this case and adopted Cadles' argument that "amenability" requires an

---

[2] 263 S.W.3d 920 (Tex. 2008).
[3] *Id.* at 927.
[4] 293 S.W.3d 175 (Tex. 2009).

analysis of whether a particular defendant can be located for service.

On July 21, 2009, this Court stayed this case pending the Texas Supreme Court's disposition of the pending motion. The Supreme Court denied the Motion for Rehearing on August 28, 2009. *Ashley* is therefore final, and the Goldners now request that the Court reconsider its ruling denying their Second Motion for Judgment on the Pleadings, vacate its previous Order denying that Motion, and enter judgment against Cadles.

## II.  ANALYSIS

The Texas Supreme Court originally decided *Kerlin* on August 29, 2008, but issued a revised opinion on October 10, 2008, after the State of Texas filed an amicus curiae brief arguing that the tolling statute should be extended to defendants who could not practically be located and served while absent from the state. The revised *Kerlin* opinion incorporated the additional requirement that a nonresident defendant be "amenable to service of process under the longarm statute," as well as the original requirement that he or she have "contacts with the state sufficient to afford personal jurisdiction," in order to establish "presence" in Texas for purposes of the tolling statute.[5]

This Court's May 19, 2009 Memorandum Opinion and Order rested on two bases. First, this Court concluded that the Texas Supreme Court adjusted its opinion because it was persuaded by the argument that a defendant must be practically amenable to service in order for the tolling statute to apply. Second, the Court reasoned that the Goldners' interpretation of "amenability to service of process" was duplicative of the second prong of the *Kerlin* test, which requires that the defendant be subject to the state's personal jurisdiction. The Goldners' position was that "amenability to service of process" relates only to whether Texas courts can, under federal and

---

[5] 263 S.W.3d at 927.

state constitutional and statutory provisions, obtain jurisdiction over the person or property of a nonresident defendant with respect to the cause of action pleaded.

In *Ashley*, the Texas Supreme Court found that a nonresident defendant who allegedly committed a tort in Texas and thereafter moved to California, leaving behind no forwarding address, was "present in Texas and amenable to service under the longarm statute."[6] The *Ashley* Court held that "a defendant is 'present' in Texas, for purposes of the tolling statute, if he or she is amenable to service under the general longarm statute, as long as the defendant has 'contacts with the state sufficient to afford personal jurisdiction.'"[7] The Court further stated that "[i]n most cases, the general longarm statute will establish this presence, as its broad doing-business language allows the statute to reach as far as the federal constitutional requirements of due process will allow."[8]

Under the general Texas longarm statute, a nonresident party is amenable to service if he or she "engages in business" in Texas and the proceeding at issue "arises out of the business done in [Texas] and to which the nonresident is a party."[9] A nonresident defendant engages in business in Texas if, among other acts, the nonresident "commits a tort in whole or in part" in Texas.[10] Thus, according to *Ashley*, if a party engages in business in Texas out of which a suit arises, then the party's presence is established, and the tolling statute does not apply.[11]

*Ashley* thus appears to pose a single inquiry for purposes of the tolling statute, without requiring an additional determination of the actual amenability to service of the nonresident defendant. Although the State of Texas again submitted an amicus brief on the issue of

---

[6] 293 S.W.3d at 178.
[7] *Id.* at 179 (quoting *Kerlin*, 263 S.W.3d at 927).
[8] *Id.* (quoting *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009)) (internal quotation marks omitted).
[9] Tex. Civ. Prac. & Rem. Code § 17.044(b).
[10] *Id.* § 17.042(2).
[11] 293 S.W.3d at 178 (interpreting *Kerlin*).

amenability to service, arguing that *Ashley* invalidates *Kerlin*'s practical requirement that a defendant be actually locatable, the Texas Supreme Court denied rehearing.

In light of the final opinion in *Ashley*, the Court GRANTS the Goldners' Motion for Reconsideration of its Order denying their Second Motion for Judgment on the Pleadings.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion for Reconsideration is **GRANTED**. The Court's Order of May 19, 2009 [Docket Entry #64] is hereby **VACATED** and Defendants' Motion for Reconsideration [Docket Entry #68] and Second Motion for Judgment on the Pleadings [Docket Entry # 60] are **GRANTED**.  Cadles' Amended Motion for Leave to File Supplement to Motion for Summary Judgment [Docket Entry #73] is **DENIED** as moot.  Final judgment will be entered in a separate Order.

**SO ORDERED.**

February 16, 2010.

*/s/ Barbara M. G. Lynn*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**